lml

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MILTON LEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 07-4049-JAR** |
| | ) | |
| **KEVEN PELLANT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Milton Lee filed this 42 U.S.C. § 1983 action against defendants Keven Pellant,

Marilyn Scafe and Paul Feliciano alleging defendants failed to provide him with a written

statement supporting the decision to hold him for a final parole violation hearing in violation of

K.A.R. 44-9-105(f), resulting in a denial of due process under the Fourteenth Amendment.  This

matter is before the Court on defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

(Doc. 6).  For the reasons explained in detail below, defendants' motion is granted.

## I.      Plaintiff's Complaint

Because plaintiff appears pro se, the Court must remain mindful of additional

considerations.  A  pro se litigant's pleadings are to be construed liberally and held to a less

stringent standard than pleadings drafted by lawyers.[1]  Thus, if a pro se plaintiff's complaint can

reasonably be read "to state a valid claim on which the plaintiff could prevail, it [the court]

should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various

---

[1]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 1972)).

legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[2]  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[3]  For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[4] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[5]  With these standards in mind, the Court summarizes plaintiff's Complaint as follows.

On November 23, 2005, plaintiff was arrested on a parole violation warrant.  On November 29, 2005, plaintiff was granted a "preliminary hearing" regarding the sufficiency of the accusations of violation.  The hearing was continued until December 19, 2005, when plaintiff could be represented by an attorney.  At the preliminary hearing, it was determined that probable cause existed to believe that plaintiff had violated his parole, and he was ordered to be held pending a final hearing.   Plaintiff claims that he was not given written notice of the findings at the preliminary hearing, in violation of the Kansas Administrative Regulations.

On January 12, 2006, plaintiff submitted what he titled an "emergency grievance" to defendant Keven Pellant, a Deputy Secretary of Corrections.  In his grievance, plaintiff complained of a delay in receiving his hearing and a lack of specificity in the findings at the preliminary hearing.

---

[2]*Id.*

[3]*Id.*

[4]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[5]*Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Defendants Scafe and Feliciano conducted the final revocation hearing on February 7, 2006, and revoked defendant's parole for the same reasons as stated at the preliminary hearing.

## II.      Rule 12(b)(6) Standard

The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face,"[6] or when an issue of law is dispositive.[7]  The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice.[8]  The court must accept the facts alleged in the complaint as true, even if doubtful in fact,[9] and view all reasonable inferences from those facts in favor of the plaintiff.[10]  Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."[11]  The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[12]

## III.     Discussion

Plaintiff alleges that he was denied a detailed written statement supporting the decision to

---

[6]*Bell Atlantic Corp. v. Twombly*, —U.S.—, 127 S.Ct. 1955, 1974 (2007); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[7]*Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[8]*Bell Atlantic*, 127 S.Ct. at 1964-65.

[9]*Id*. at 1965.

[10]*Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

[11]*Bell Atlantic*, 127 S.Ct. at 1965 (citations omitted).

[12]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

hold him for final parole revocation hearing, in violation of K.A.R. 44-9-105(f).  Plaintiff

contends this failure resulted in a denial of due process under the Fourteenth Amendment for

which he seeks compensatory damages.

"Section 1983 does not . . . provide a basis for redressing violations of *state* law, but only

for those violations of *federal* law done under the color of state law."[13]  Thus, only if federal law

required the submission of detailed written reasons for detention pending parole hearings does

plaintiff have a cognizable claim under Section 1983.  Federal law does not impose such a

requirement.  Because plaintiff's allegations stem from a violation of Kansas administrative

regulations, § 1983 provides no basis for redressing this alleged violation of state law.[14]  Because

plaintiff's complaint fails to state a claim for relief under § 1983, defendants' motion to dismiss

is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to

Dismiss plaintiff's civil rights complaint (Doc. 6) is GRANTED.

IT IS SO ORDERED.

Dated this  24th  day of October 2007.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[13]*Jones v. City and County of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988) (emphasis in the original) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

[14]*See Love v. McKune*, 33 Fed. App'x 369, 2002 WL 126997, at *2 (10th Cir. Feb. 1, 2002) (dismissing plaintiffs' § 1983 claim for prison "involuntary behavioral modification system" allegedly in conflict with various Kansas administrative regulations); *Gragg v. McKune*, 82 F.3d 425 (table), 1996 WL 165354, at *1 (10th Cir. Apr. 9, 1996) ("To the extent that plaintiff is seeking relief for alleged violations of Kansas Administrative Regulations, he has failed to state a claim upon which relief can be granted under § 1983.") (citing *Jones*, 854 F.2d at 1209).

4